# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES B. GEITZ, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:15CV269 JAR |
| CHRIS KOSTER, et al., | ) ) ) |
| Defendants, | ) ) |

## MEMORANDUM AND ORDER

Defendants Chris Koster, Keith Schafer, David Schmitt, George Lombardi, and Ellis McSwain move to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs, who were, at the time this action was filed, being held for trial to determine whether they should be civilly committed under Missouri's Sexually Violent Predator Act (the "Act"), filed this action under 42 U.S.C. § 1983 alleging violations of their right to equal protection. Defendants argue that the Court should abstain from hearing this action under *Younger v. Harris*, 401 U.S. 37 (1971). The Court agrees with defendants, and this case is dismissed.

### Standard

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. *Gregory v. Dillard's*, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. *Id.* at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests." *Id.* (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Gregory*, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## Discussion

Plaintiffs argue that their right to equal protection was violated because defendants treated them differently than other sex offenders. Plaintiffs served determinate sentences. Plaintiffs claim that defendants treated them differently than inmates serving indeterminate sentences by using the information in their Sexual Victims Disclosures against them when they were due to be released from prison in order to prosecute them under the Act. Plaintiffs contend that prisoners serving indeterminate sentences, even those who committed more violent crimes, are never detained to determine whether they are Sexually Violent Predators ("SVPs") under the Act. Plaintiffs say the result of this is that only prisoners serving determinate sentences are prosecuted under the Act.

Defendants argue that the conditions for *Younger* abstention are applicable. "The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010).

Plaintiffs have chosen not to address defendants' argument. Instead, plaintiffs moved to strike defendants' motion on the basis that the Federal Rules of Civil Procedure required defendants to submit an answer, that is, plaintiffs do not belief that a motion to dismiss is a

2

proper responsive pleading. Plaintiffs are incorrect. The Rules require a defendant to file a motion to dismiss "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(7). Therefore, defendants followed the correct procedure.

There are three exceptions to the *Younger* doctrine. Abstention is not required if "(1) the state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) there is an extraordinarily pressing need for immediate equitable relief; or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1349 (7th Cir. 1989) (internal citations and quotations omitted).

Each of the plaintiffs have ongoing state proceedings where the issues raised in this case have been or could be raised for purposes of *Younger* abstention. *See In re Christner*, No. 14JE-PR00050 (Jefferson County); *In re Blum*, No. 14SF-PR00134 (St. Francois County); *In re Geitz*, No. 13SL-PR01060 (St. Louis County). The proper point of reference for determining whether state proceedings are ongoing, as required to satisfy the first prong for possible *Younger* abstention in favor of state proceedings, is the date the federal complaint is filed. *Adibi v. California State Bd. of Pharmacy*, 461 F. Supp. 2d 1103, 1109-10 (N.D. Ca. 2006) (collecting cases). Each of plaintiff's SVP proceedings were pending in the trial courts when this action was filed. Additionally, SVP proceedings are appealable to the Missouri Court of Appeals. *See, e.g., In re Gorman*, 371 S.W.3d 100 (Mo. Ct. App. 2012). As a result, the first *Younger* factor is met.

The civil commitment proceedings against plaintiffs implicate important state interests. The Court "do[es] not weigh the competing interests of the federal and state courts in adjudicating" a plaintiff's claims. *Plouffe*, 606 F.3d at 893. In *Kansas v. Hendricks*, the Court noted that the states have an important interest in detaining persons "who . . . pose a danger to

3

the public health and safety." 521 U.S. 346, 357 (1997). As a result, the second *Younger* factor is met.

With regard to the third factor, there is an adequate opportunity to raise any relevant federal questions in the state proceeding. State courts are "competent to vindicate any constitutional objections" to their proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). Therefore, the *Younger* factors are applicable to this case.

Finally, none of the exceptions to *Younger* abstention apply in this case. Plaintiffs have not demonstrated that the state court proceedings are conducted in bad faith, that there is a pressing need for equitable relief, or that the Act is flagrantly and patently in violation of the constitution.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 20] is **GRANTED**.

**IT IS FURTHER ORDERED** that all of the remaining motions pending in this action are **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this 24th day of July, 2015.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE